Barbara E. Cowan (State Bar No. 034680)
**WORKPLACE ADVOCATES**
115 South Madison Avenue
Yuma, AZ 85364
Telephone:     (928) 259-7088
Facsimile:     (877) 459-3540
Email:          brandi@wpa.law

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Charmaine Wallace,<br><br>                    Plaintiff,<br><br>  v.<br><br>HDS Truck Driving Institute, Inc., and Does 1 through 1-, inclusive,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br><u>**JURY TRIAL DEMANDED**</u><br><br>(1)    Retaliation in Violation of Title VII of the Civil Rights Act of 1964<br>(2)    Failure to Provide Reasonable Accommodate in Violation of Title VII of the Civil Rights Act of 1964<br>(3)    Retaliation in Violation of A.R.S. § 23-1501(3)(c)(ii)<br>(4)    Discrimination in Violation of Title VII of the Civil Rights Act of 1964<br>(5)    Discrimination in Violation of A.R.S. § 41-1463.<br>(6)    Intentional Infliction of Emotional Distress |

This action arises from the retaliation, harassment, and discrimination against Plaintiff CHARMAINE WALLACE by employees of HDS TRUCK DRIVING INSTITUTE.  Plaintiff seeks damages under all available statutes and by all available remedies, including but not limited to compensatory and emotional distress damages, attorney's fees, costs and injunctive relief.

## THE PARTIES

1.      Plaintiff CHARMAINE WALLACE (hereinafter "PLAINTIFF" or "WALLACE") was, at all times relevant to this Complaint, a resident of the State of Arizona.

2.      Defendant HDS (hereinafter "HDS" or "Defendant") is a corporation organized under the laws of the State of Arizona, and headquartered in Tucson, Arizona.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 1343. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, a substantial Federal question, and in the context of employment, a subject of commerce.

4.      This action is brought to remedy discrimination and retaliation against Plaintiff Wallace. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42.U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5.      Supplemental jurisdiction is invoked with respect to Plaintiff's claims under Arizona Revised Statutes 41-1463, for claims arising from the same set of facts and circumstances, and alleging violation of the state laws corollary to Title VII, including, but not limited to the Arizona Civil Rights Act.

6.      Venue is proper in this District because Plaintiff was employed by HDS in this District, and the acts which are alleged occurred in Yuma, Arizona, a city within this District.

7.      Accordingly, this Court has jurisdiction, and venue is proper.

## ADMINISTRATIVE EXHAUSTION

8.      Plaintiff timely filed a charge of discrimination alleging harassment, discrimination, and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff

received a right-to-sue letter from the EEOC and has exhausted her administrative remedies and files this complaint within ninety (90) days of receipt of her EEOC right-to-sue letter.  Exhibit "A" to this complaint is a true copy of the "right to sue" letter issued by the EEOC.

**FACTUAL BACKGROUND**

9.      Defendant HDS owns and operates the Yuma Truck Driving School

10.      Ms. Wallace was hired by HDS on August 8, 2018.  From the time of her hire until nearly a year later, there were no complaints regarding Ms. Wallace, and no discipline was ever issued to her.

11.      During that time, Ms. Wallace was consistently regarded as one of the top instructors at the Yuma Truck Driving School.

12.      On April 26, 2019, Ms. Wallace injured her knee, and later filed a worker's compensation claim for this injury.  It was only after Ms. Wallace filed the worker's compensation claim, and moreover, after she reported that her knee was continuing to hurt such that she requested an accommodation, Ms. Wallace was disciplined for the first time in the history of her employment at HDS.

13.      Specifically, Ms. Wallace reported to HDS that her knee continued to hurt, and requested a reasonable accommodation of a heightened stool to sit on, and/or a classroom position while her knee healed.  The chairs at the school were all low, and it put pressure on Ms. Wallace's damaged knee to lift out of the chair because they were so low.

14.      At the time Ms. Wallace made the request, a classroom position was open and available, and could have constituted one way in which to accommodate Ms. Wallace's disability.

15.      HDS failed to have any interactive process with Ms. Wallace to discuss her requests, and Ms. Wallace was repeatedly denied this accommodation through the end of her employment with HDS.

16.      After Ms. Wallace reported her injury – and resulting disability – and after she made a request for a reasonable accommodation, Ms. Wallace was issued discipline for the first time in her employment at HDS.

17.     Specifically, HDS claimed to have issued the discipline of an incident involving a student who Ms. Wallace had reported as being under the influence of drugs or alcohol on numerous occasions when he reported to the truck driving school.

18.     HDS took no action against this student, other than sending him home.  HDS did not issue any drug or alcohol test to this student.

19.     HDS also claims that it issued Ms. Wallace a purported "Final Written Warning" the next day, August 1, 2019.  HDS has admitted it did so without conducting any investigation into the events discussed in the Final Written Warning, and without considering whether any report by the student – even if made – was in retaliation for Ms. Wallace reporting this student as being under the influence.

20.     Ms. Wallace is informed and believes and thereon alleges that the "discipline" issued to her was in retaliation for her engaging in protected activity, including but not limited to requesting a reasonable accommodation and/or requesting HDS engage in the interactive process.

21.     Ms. Wallace wrote a letter to HDS on October 19, 2019 stating that the discipline it had issued her was unwarranted, unfair, and issued because she was a woman.  This letter constitutes a complaint of discrimination on the basis of sex.

22.     During the late summer and fall of 2019, Ms. Wallace reported harassment and discrimination towards other employees.  Ms. Wallace reported that the harassment and discrimination was being perpetrated by an employee named Juan.

23.     Specifically, Ms. Wallace reported that Juan was engaging in sexual harassment towards female employee and students, including making explicit sexual remarks, harassing conduct, and watching pornography in the office.  Ms. Wallace also reported that she was concerned Juan kept a young female employee on the property alone with him after hours.

24.     Ms. Wallace also reported that Juan would attempt to intimidate other employees by claiming he was a "devil worshipper" and/or had a violent past.

25.     On January 3, 2020, HDS received written praise for Ms. Wallace's work performance from Merci Mendivil, the Military Program Coordinator for the Yuma Truck Driving School.

26.     Ms. Mendivil wrote to Ms. Wallace's supervisors, including Tobey Norman, after interviewing HDS Students from Camp Pendleton.  Those students "shared that Rudy, Char [Ms. Wallace] and Don were by far the best instructors and most beneficial to the program, because they were always trying to make sure that the students were busy, they encouraged the students and are very knowledgeable."  Ms. Mendivil further wrote that the students sent by the military to the school also shared that the school's trucks "were pretty dirty and that really only Char [Ms. Wallace] took the time to clean the trucks."

27.     In January 2020, HDS hired a purported "neutral" investigator to conduct an investigation into the discrimination, harassment, and retaliation occurring at HDS.

28.     HDS' "neutral" investigator was anything but.  The investigator was a person with a prior business relationship with the company, who had already made recommendations the year prior that were never implemented.

29.     Further troubling is that the "investigator" noted she had daily "debriefing" sessions with Supervisors Peralta and Norman each day after speaking with employees and students.  An investigator is not supposed to reveal the contents of interviews or have the <u>subjects</u> of the investigation assisting her with a daily debrief.

30.     When the "investigator" issued her report, she made unfounded claims about Ms. Wallace's work performance, while simultaneously refusing to acknowledge any positive reports about Ms. Wallace's performance, such as that from the military coordinator.   None of the praise or indeed any good feedback regarding Ms. Wallace was included in the "investigation."

31.     Ms. Wallace's employment was terminated by HDS.

32.     Conversely, male instructors were retained, even though the investigation had revealed actual deficiencies in their performance.  The male instructors were merely requested to "correct" their performance deficiencies.

33.     The "investigation" did not reveal *anything* about Ms. Wallace that HDS had not been aware of since July 2019.  The only information HDS was "new" was Ms. Wallace's complaint of gender discrimination, that Ms. Wallace was again reporting sexual harassment in the workplace, and

that Ms. Wallace had hired an attorney.  Seven days after learning these facts, HDS terminated Ms. Wallace's employment.

34.    Ms. Wallace was subjected to post-termination retaliation in the form of HDS making statements to defame Ms. Wallace's business reputation, employment and employability, professionalism, and competence.

**COUNT I**

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**

**42 U.S.C. § 2000e *et. seq.***

35.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

36.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

37.    Title VII, codified at 42 U.S.C. § 2000e-2(a)(1), makes it an unlawful employment practice for Defendants to retaliate against an employee for engaging in protected activity, which includes, but is not limited, to making a report of sexual harassment, a hostile work environment, unlawful conduct and/or retaliatory conduct.

38.    According to the United States Equal Employment Opportunity Commission ("EEOC"), requesting accommodation for a disability is a protected activity.  *See* https://www.eeoc.gov/policy/docs/religion.html#_ftnref215 (last accessed January 7, 2022).

39.    HDS was an employer within the meaning of Title VII.

40.    Ms. Wallace was HDS' employee within the meaning of Title VII, both before and after her termination. (*Robinson v. Shell Oil Co.* 519 U.S. 337, 346 (1997) (holding that former employees are "employees" for purposes of Title VII retaliation provisions).

41.    Defendant HDS retaliated against Plaintiff by taking adverse employment actions against Plaintiff.  These include, but are not limited, to issuing discipline and terminating her employment.

42.     Defendant HDS further retaliated against Plaintiff by materially altering the terms and conditions of her employment, and by engaging in conduct that could dissuade a reasonable worker from making or supporting a discrimination claim.  Such conduct constitutes adverse actions under the anti-retaliation provisions of Title VII. (*See Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006); *Halliburton, Inc. v. Admin. Review Bd.*, 771 F.3d 254, (5th Cir. 2014); *see also* 29 C.F.R. 1980.102(a)).

43.     As a direct and proximate result of the willful, knowing, and intentional discrimination and retaliation against Plaintiff, and the failure to act by Defendant HDS, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

44.     Defendant HDS did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendant. Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at the time of trial.

**COUNT II**

**Failure to Provide Reasonable Accommodation**

**in Violation of Title VII of the Civil Rights Act of 1964**

**42 U.S.C. § 2000e *et. seq.***

45.     Plaintiff incorporates by reference all of the above allegations as though repeated and set forth in full herein.

46.     Plaintiff is a person with a disability.

47.     Plaintiff repeatedly requested that Defendant provide her with a reasonable accommodation for her disability.  Plaintiff provided Defendant with numerous suggestions for what types of reasonable accommodations were available and could be provided by Defendant to accommodate Plaintiff's disability.

48.     Plaintiff was denied reasonable accommodation for her disability.

49.     As a direct and proximate result of Defendant's discriminatory action, Plaintiff has suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

50.     As a further direct and proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

51.     Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

52.     Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## COUNT III

### Retaliation in Violation of Arizona Revised Statute § 23-1501(3)(c)(ii)

53.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

54.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

55.     Defendant HDS was Plaintiff's employer.

56.     The Arizona Employment Protection Act ("AEPA"), as codified in A.R.S. § 23-1501(3)(c)(ii), makes it an unlawful employment practice for Defendants to retaliate against an employee for engaging in protected activity, which includes making a report of sexual harassment, a hostile work environment, unlawful conduct and/or retaliatory conduct.

57. Defendant HDS retaliated against Plaintiff by taking adverse employment actions against Plaintiff.  These include, but are not limited, to issuing discipline and terminating her employment.

58.     Defendant HDS further retaliated against Plaintiff by materially altering the terms and conditions of her employment, and by engaging in conduct that could dissuade a reasonable worker

from making or supporting a discrimination claim.  As a direct and proximate result of the willful, knowing, and intentional discrimination and retaliation against Plaintiff, and the failure to act by Defendant, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

59.    Defendant did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendant. Plaintiff is therefore entitled to recover punitive damages from Defendant, , in an amount according to proof at the time of trial.

**COUNT IV**

**Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

**42 U.S.C. § 2000e *et. seq.***

60.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

61.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

62.    Title VII, codified at 42 U.S.C. § 2000e, makes it an unlawful employment practice for Defendants to discriminate against an employee on the basis of a protected classification, including, but not limited, to Plaintiff's sex, age, and/or disability.

63.    HDS was an employer within the meaning of Title VII.

64.    Ms. Wallace was HDS' employee within the meaning of Title VII.  Ms. Wallace is a member of at least three protected classes, based upon her sex (female), age (over forty) and disability.

65.    Defendant HDS discriminated Plaintiff by taking adverse employment actions against Plaintiff.  These include, but are not limited, to issuing discipline and terminating her employment. Defendant HDS further discriminated against Plaintiff by materially altering the terms and conditions of her employment.

66.     As a direct and proximate result of the willful, knowing, and intentional conduct against Plaintiff, and the failure to act by Defendant HDS, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

67.     Defendant HDS did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendant. Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at the time of trial.

**COUNT V**

**Discrimination and Harassment in Violation of Arizona Revised Statute § 41-1463**

68.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

69.     Defendant HDS was Plaintiff Wallace's employer.

70.     The Arizona Civil Rights Act, codified at A.R.S. § 41-1463, *et. seq.*, makes it an unlawful employment practice for Defendant to harass and/or discriminate against an employee on the basis of her sex, disability, and/or age, among other categories, and prohibit an employer from allowing a hostile work environment to exist.

71.     Plaintiff was subjected to discrimination on the basis of her protected status, including the fact that she was female, over the age of forty, and had a disability.

72.     During the course of Plaintiff's employment, Defendant created and allowed to exist a hostile work environment and harassed and/or discriminated against Plaintiff on the basis of her sex, age, and/or disability.

73.     Defendant HDS discriminated against Plaintiff by taking adverse employment actions against Plaintiff. These include, but are not limited, to issuing discipline and terminating her employment.

74.     Defendant HDS further discriminated against Plaintiff by materially altering the terms

and conditions of her employment.

75.     As a direct and proximate result of the willful, knowing, and intentional harassment against Plaintiff, and the failure to act by Defendant, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

76.     Defendants did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendant. Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof at the time of trial.

**COUNT VI**

**Intentional Infliction of Emotional Distress**

77.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

78.     Defendant's wrongful conduct, including but not limited to failing to notify Plaintiff of allowing Plaintiff's coworkers to threaten and cause physical, emotional, and psychological injuries to Plaintiff without consequence exceeded the bounds of decency and were extreme and outrageous causing Plaintiff to suffer severe emotional and psychological distress.

79.     As a direct and proximate cause of Defendant HDS'S wrongful acts Plaintiff suffered and will continue to suffer in the future great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, loss of consortium, loss of love and affection, past and future medical expenses for psychological treatment, therapy, and counseling.

**DEMAND FOR JURY TRIAL**

80.     Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

i.      For Plaintiff's general and special damages in an amount to be proven at trial by jury;

ii.      For the fair and reasonable monetary value of Plaintiff's past, present, and future pain and suffering in an amount to be proven at trial by jury;

iii.      For the medical expenses incurred up to the date of trial and any additional expenses necessary for future medical care and treatment;

iv.      For punitive damages or exemplary damages to be set by a jury in an amount sufficient to punish Defendants for the outrageous conduct and to make an example out of them so that others do not engage in similar conduct in the future;

v.      For attorneys' fees and costs under any and all provisions as permitted by law;

vi.      For an award of interest, including prejudgment interest, at the legal rate;

vii.      For civil penalties to the full extent permitted by law; and

viii.      For such other and further relief as the court may deem just and proper.

Respectfully submitted,

DATED: January 7, 2022          **WORKPLACE ADVOCATES**

_/s/ Barbara E. Cowan_
By:    Barbara E. Cowan
Attorneys for Plaintiff Charmaine Wallace

## DEMAND FOR JURY TRIAL

Plaintiff Charmaine Wallace demands a trial by jury on this entire action, and all causes of action.

Respectfully submitted,

DATED: January 7, 2022          **WORKPLACE ADVOCATES**

_/s/ Barbara E. Cowan_
By:    Barbara E. Cowan
Attorneys for Plaintiff Charmaine Wallace

# EXHIBIT A

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |
| | and EEOC |

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Charmaine Wallace          Email address:  charwallace4242@gmail.com | (928) 247-3875 | 08/07/1947 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3400 S. 4th Avenue, #45 | Yuma, AZ 85365 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HDS Truck Driving Institute, Inc.      Email address: yumatruckdrivingschool@gmail.com | 100+ | (888) 647-3239 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3180 E. 32nd Street | Yuma, AZ 85365 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☒ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 07/22/2019 | 03/05/2020 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was discriminated against, refused a reasonable accommodation, and denied an interactive process regarding my disability (knee injury).  I was not provided any reasonable accommodation, and was not scheduled for work because of my disability.  These actions were taken by my supervisor, Toby Norman, who also had doubts about whether I would heal from my injury due to my age.

I was retaliated against for reporting my knee injury to the employer.  I was also retaliated aginst for reporting harassment and discrimination to my employer.  I reported discrimination against myself, and complained that I was not provided a reasonable accommodation or interactive process. I also reported harassment and discrimination towards others by an employee named Juan, including sexual harassment of female employees, pornography in the office, and explicit sexual remarks and harassment.  Juan was treated better than the other employees, and was allowed to create a hostile work environment with his harassing conduct.  I reported these items to my employer and to an investigator that was brought in, including the fact that Juan would tell others he was a "devil worshipper," and the fact that kept a young female employee on the property alone with him after hours.

I was retaliated against by being disciplined, terminated, and refused rehire and/or rescission of the termination by my employer.  This occurred approximately 2 weeks after I participated in an investigation into unlawful harassment, discrimination, and retaliation, where I told the truth when I was asked questions about unlawful activity.  I was subject to post-termination retaliation by my former supervisors, who are making defamatory comments in retaliation for my protected activity.  These comments defame my business reputation, employment, professionalism, and competence.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT |
| 8/31/2020  _DocuSigned by:_ Charmaine Wallace  4204E88FEF5E42F...
Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Charmaine Wallace** | From: | **Los Angeles District Office** |
|---|---|---|---|
| | **C/O Workplace Advocates Llc** | | **255 E. Temple St. 4th Floor** |
| | **291 S. Main St.** | | **Los Angeles, CA 90012** |
| | **Yuma, AZ 85364** | | |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Todd S. Mattox,** | |
| **540-2020-04441** | **Investigator** | **(213) 785-3043** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

10/14/2021

Enclosures(s)

**Christine Park-Gonzalez,**
**Acting District Director**

*(Date Issued)*

cc:

| **Wayne Prall** | **Barbara Cowan, Esq.** |
|---|---|
| **Human Resources** | **WORKPLACE ADVOCATES LLC** |
| **HDS TRUCK DRIVING INSTITUTE INC.** | **291 S. Main St., Suite J** |
| **6251 S. Wilmot Rd.** | **Yuma, AZ 85364** |
| **Tucson, AZ 85756** | |